STATE OF VERMONT
CHITTENDEN SUPERIOR COURT



CHITTENDEN COUNTY CLERK
FILED IN CLERKS OFFICE

SEP 1 7 2001

DIANE A LAVALLEE
CLERK

DOCKET # S0279-98     CnC

ENTRY REGARDING MOTION

**TIMOTHY LANGLOIS**           v.      **BARRET TRUCKING CO, ET AL.**

TITLE OF MOTION:        MOTION TO PRESENT WITNESS TESTIMONY VIA VIDEO

DATE MOTION FILED:      August 31, 2001

RESPONSE FILED:         September 12, 2001
                        Argument on the above Motion was also heard on September 11, 2001.

_____ GRANTED          COMPLIANCE BY _____

__X__ DENIED

_____ SCHEDULED FOR HEARING ON: _____ at _____; TIME ALLOTTED: _____

_____ OTHER

Plaintiff requests that the testimony of two witnesses, Susan Kordish and Edmund Langlois, be admitted via the video record of their testimony at the prior trial in this case. The previous trial resulted in a mistrial for reasons having nothing to do with the testimony of either of them. Defendant objects on the grounds that absent a showing that the witnesses are unavailable, the proferred testimony constitutes inadmissible hearsay under V.R.E. 804(a). Plaintiff maintains that both are unavailable because Ms. Kordish has stated that she will be out of state on her annual vacation, and Mr. Langlois resides in Montana.

There are five situations constituting "unavailability as a witness" under Rule 804(a)(1)-(5). Only the fifth is pertinent here:

"[T]he declarant . . . (5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance . . . by process or other reasonable means."

V.R.E. 804(a)(5).

1

Plaintiff's argument is that Ms. Kordish will be absent due to her vacation and that Mr. Langlois is beyond the reach of process. Plaintiff argues that the testimony was subject to cross examination and was given under jury trial conditions and under the supervision of the presiding judge at trial. Over the objection of Defendant, Plaintiff further argues that the court should exercise its discretion and permit the substitution of the video testimony for live testimony under these circumstances.

Upon review of the pertinent Rules, case law, treatises, and the facts, the court concludes that the ruling Plaintiff seeks would be inconsistent with both the letter and the spirit of the rules governing the trial process. The Civil Rules provide that in "all trials, the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules, the Vermont Rules of Evidence, or other rules adopted by the Supreme Court." V.R.C.P. 43(a); see also Jakab v. Jakab, 163 Vt. 575, 579 (1995). The video tapes of the witnesses' prior testimony constitute hearsay pursuant to Rule 801 of the Rules of Evidence and are not admissible unless the hearsay exception of Rule 804(b)(1) applies. V.R.E. 804(b)(1). The applicability of that exception however, turns on whether each witness is "unavailable" as defined under Rule 804(a)(1)-(5). As the party offering the videos, the burden of showing unavailability is on the Plaintiff. M. Graham, Handbook of Federal Evidence § 804.00 (5th ed. 2001).

The burden of showing unavailability under Rule 804(a)(5) is not satisfied by merely showing that a proposed witness has plans to be elsewhere during a trial. The Rule requires a showing that the proponent has been *unable* to procure the attendance of the witness either through process "or other reasonable means." V.R.E. 804(a)(5) (emphasis added). Like the Federal Rule, the Rule requires either process, or at least an effort through reasonable means to induce the witness to attend voluntarily. McCormick on Evidence § 253, at 757 (E. Cleary ed., 3rd ed. 1984). Plaintiff has not made such a showing here.

Susan Kordish wrote to Mr. Welch on August 6, 2001 indicating she would be on vacation the first three weeks of October, with expenses already having been paid. At that time, trial dates had not yet been established. On August 14, 2001, the court clerk sent notice that the trial dates would be October 8-11 and 15. There is no information that the Plaintiff has had any further communication or made any effort to arrange for Ms. Kordish's voluntary attendance. She is subject to process. While there may be an understandable reluctance to ask her to interrupt vacation plans for purposes of the trial, the facts do not satisfy Plaintiff's burden to show unavailability as defined in the Rule. This is not a matter of judicial discretion. Plaintiff has not shown an inability to procure attendance through even one of the two available means that a proponent is required to use before unavailability is determined.

Edmund Langlois is the brother of Plaintiff Timothy Langlois, and testified voluntarily at the first trial. As a resident of Montana, he is not subject to process. Nonetheless, the Plaintiff still has the burden to prove unavailability by showing efforts made through reasonable means to induce Edmund Langlois to appear voluntarily. That showing has not been made. Plaintiff has only stated that Edmund Langlois lives in Montana and asks the court to infer unavailability from that fact alone.

This is not a matter of form over substance, as there are good reasons for requiring a proponent to exhaust all reasonable available processes prior to claiming unavailability. Failure to do so would

2

preclude the Defendant from cross examining the witness contemporaneous with the trial. While it is true that Defendant had the opportunity to cross examine on the full extent of the direct testimony as it was given at the previous trial, Defendant should not be precluded from having the chance to cross examine differently based on the passage of time and other developments that may take place during the context of this trial as it unfolds. While this opportunity may be lost to a defendant if a proponent carries the burden to show unavailability, that is not a reason to dispense with, or shortcut the requirements of the Rule. Unavailability only exists where there is an inability to procure a live witness after available and reasonable methods have been tried first. That burden has not been met with respect to either witness.

Furthermore, the court should be circumspect about compromising the fundamental principle of V.R.C.P. 43, that absent agreement of the parties, witness testimony shall be given by live witnesses in open court except within narrowly prescribed limitations as established by specific rules. The vitality of live testimony is an important component of a trial, and it serves to promote interest, alertness, and a commitment to duty on the part of jurors. These dynamic and important elements are often lost when jurors realize they are viewing prepackaged material. This effect underscores the importance of a careful application of the prerequisites in determining unavailability of witnesses under Rule 804(a). In this case, it is clear that Plaintiff has not attempted process or other reasonable inducements with respect to Ms. Kordish, and has not offered a showing of any attempt to induce the voluntary attendance of Plaintiff's brother. Plaintiff has not carried his burden, and the Motion is denied with respect to both witnesses.

_____       9-17-01
SUPERIOR COURT JUDGE      DATE

COPIES SENT TO:

    P. Welch, Esq.
    P. Lynn, Esq.

3